A. Franklin Mahoney,
Acting Rensselaer County Court Judge. This is a motion for resentence pursuant to the provisions of section 1943 of the Penal Law, as amended. It is to be noted that the new Penal Law, effective September 1, 1967, did not carry over the provisions of the old section 1943 but, rather, deferred consideration of that section until enactment of the new Code of Criminal Procedure. (See Tables of Distribution, N. Y. Sess. Laws, L. 1965, ch. 1030, p. 2513.) Consequently, this motion must be considered in the context of the old section 1943 as amended in 1964.
It appears from the affidavit in support of the motion that the defendant (petitioner herein) was sentenced November 8, 1944, in Schenectady County, New York, as a felon and, further, that this conviction was the predicate to a sentencing in Rensselaer County Court in 1954, as a second offender, to 7% to 15 years ’ imprisonment. The original sentencing is being attacked here in Rensselaer County on the ground that said prior conviction was unconstitutional and, therefore, should not have served as a predicate for the 1954 sentencing in this court as a second offender.
It is the position of the District Attorney that the new Penal Law did not carry forward the provision of old section 1943 (as amd. in 1964) and, further, that section 5.05 of the new law relates only to crimes, and the defense thereto, committed on or after September 1, 1967. The appropriate language of subdivision 3 of section 5.05 is as follows: ‘ ‘ The provisions of this chapter [new Penal Law] do not apply to or govern the construction of or punishment for any offense committed prior to the effective date of this chapter [Sept. 1,1967] * * * Such an offense must be construed and punished according to the provisions of law existing at the time of the commission thereof in the same manner as if this chapter had not been enacted. ’ ’
It is unequivocal that crimes committed prior to September 1, 1967 must be construed and punished under the old law. However, to hold that section 5.05 means that constitutional protections implicit in the old law cannot survive the amendatory process unless they are clearly readopted in the new, is tantamount to balancing such constitutional protections on the niceties, exactness or excellence of the exposition of draftsmanship. It is unchallengeable that old section 1943 (as amd. in 1964) provided a vehicle to attack a predicate conviction on *99 constitutional grounds by means of a motion to resentence in that forum that applied the provisions of the multiple offender laws. (People v. Cornish, 21 A D 2d 280; People v. Jones, 17 N Y 2d 404.) It is unthinkable that the Legislature intended, three years later, to abrogate this right by not including it in the new Penal Law. Clearly, it was the legislative intent to remove to the anticipated Code of Criminal Procedure the procedural aspects of old section 1943 (McKinney’s Cons. Laws of N. Y., Book 39, p. LXXVIII). In the interim, however, before the effective date of the new code,, has the Legislature inadvertently created a procedural vacuum which denies relief to prisoners wrongfully sentenced? It is not enough to say, because the predicate decision herein is domestic rather than foreign, that the petitioner can resort to the old common-law procedure of coram nobis. The law, in 1964, provided him with the vehicle of a motion for resentencing and it is available to him unless clearly repealed.
Section 500.05 of the new Penal Law states, in substance, that the Penal Law heretofore in force [is] repealed as of September 1, 1967. The tables of distribution that precede the new provisions of the Penal Law clearly specify the sections of the old law intended to be repealed by the provisions of section 500.05. Opposite each of the sections to be repealed is the word ‘ ‘ omitted ’ ’. Opposite each of the old sections not to be, in fact, repealed is a legend indicating disposition either to the new penal law or to another more appropriate consolidated law or, as in the case of old 1943, the remark that it is “ to be treated in Code of Criminal Procedure ”. These comments represent the reviser’s interpretation of the legislative intent and, in this instance, are useful as a constructive canon in arriving at the real legislative intent, which was, in my view, to preserve, in the interim between enaction of the Penal Law and the code, the right to attack by motion a predicate conviction alleged to be constitutionally defective. This view is supported by the retroactivity of the holding in People v. Cornish (supra), as affirmed in People v. Jones (supra). It is firmly established that prisoners acquired, by virtue of the 1964 amendment to section 1943 of the old law, the right to attack predicate convictions by motion to resentence and that right is retroactive to petitioner’s conviction in 1944 in Schenectady County. This judicial construction of the 1964 amendment is fully consistent with section 5.05 of the new law which mandates that the new act only apply to crimes after September 1,1967. Clearly, then, the only law viable as to old crimes and punishment therefor *100 committed prior to September 1, 1967 is the old Penal Law. The language of section 500.05 of the new act must be given prospective effect only. Thus, there is no vacuum, no hiatus and no lack of procedural relief for those positioned as is this petitioner. The relief by way of motion pursuant to section 1943 of the old law is available if the predicate conviction is constitutionally defective.
The petitioner prisoner was 17 years old on Jurie 18, 1944 when he, along with others, was arrested in Schenectady County. On September 27 he was arraigned on an indictment charging Mm with the crime of robbery in the first degree. He thinks that on that date counsel was assigned. However, it is his testimony that between the date of arraignment, September 27, and November 8,1944 when he entered a plea of guilty to a reduced charge of robbery in the second degree, he was in the county jail and never saw or discussed his case with counsel and, further, that he was unrepresented on November 8 when he entered his plea and was sentenced. The People rebutted this proof by calling the attorney alleged to have been assigned to the petitioner and a lawyer who was an Assistant District Attorney in 1944 and for years prior thereto. Neither recalled Joseph Washington personally or had any records or personal recollections of the arraignment, plea and conviction complained of. Each testified as to the custom and practice in such matters and Mr. Odomowski, the former Assistant District Attorney, testified as to the custom and practice' of the District Attorney’s office. The conduct of the attorneys and of the District Attorney’s office in those years was exemplary but there is absolutely no evidence, oral or documentary, that the customs testified to were actually practiced at the sentencing of the petitioner. That an accused is entitled to an attorney at all stages of proceedings and particularly at the sentencing stage is beyond argument and the need of decisional support, beyond the landmark cases of Gideon v. Wainwright (372 U. S. 335) and Johnson v. Zerbst (304 U. S. 458). These decisions make the constitutional right of defendants to be represented by counsel (U. S. Const., 6th Amdt.) obligatory on the States (U. S. Const., 14th Amdt.). In my view such right was not afforded to Joseph Washington in Schenectady County on November 8,1944 when he was sentenced. The predicate conviction being constitutionally defective, the motion to resentence is granted.
The petitioner prisoner will be produced before this court to be resentenced as a first offender.