■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH GEORGE HOPPE, Appellant.— Appeal by defendant from a judgment of the County Court of Broome County, rendered December 3, 1973, upon a verdict convicting defendant of the crime of burglary in the third degree. Defendant, having been indicted for the crime of burglary in the third degree, was convicted, after a jury trial, of burglary, third degree, and sentenced to an indeterminate term of zero to three years. On June 29, 1973 at approximately 3:24 A.M. an alarm system placed in a pharmacy triggered a recorded telephone message received at the State Police substation in Kirkwood. On arriving at the pharmacy within five minutes, a State trooper observed a green Pontiac pull out of the parking lot of the pharmacy. He testified that he saw no other vehicles or pedestrians in the vicinity. After following the vehicle for approximately one quarter of a mile, the trooper " pulled it over " and found defendant and two others in the auto. In the meantime, another trooper arrived at the pharmacy, observing also that there were no vehicles or pedestrians in the area. Upon checking the doors, he found "new" pry marks in the side door jam and the back door open. He entered through the back door and followed wet tracks into the pharmacy showroom where he observed an open cash register containing a few pennies. He then proceeded to the location of the green

Pontiac where the three suspects were being detained by the other trooper. Twenty-three quarters were found in the glove compartment of the auto and a one-inch wood chisel and screwdriver were found under the seat. It was raining hard and all three men were "soaking wet". At the time of his arrest and during questioning, defendant asserted that he and his companions had been playing frisbee in the rain at the home of one Gabriel who lived near the pharmacy. Gabriel, who was called as a witness for the prosecution, flatly denied this. Three troopers testified that the chisel "fit" the pry marks on the side door of the pharmacy. The pharmacy owner testified that approximately $11 in change had been left in the cash register when he closed the place at about 9:00 P.M. the evening before, after all doors had been locked and checked. On this appeal defendant urges that the circumstantial evidence presented did not exclude a reasonable hypothesis of his innocence. Under the circumstantial evidence rule, the hypothesis of guilt must flow naturally from the facts proved and the evidence should exclude to a moral certainty every hypothesis but guilt. (*People* v. *Wachowicz*, 22 N Y 2d 369, 372.) From an analysis of this record in its entirety, we conclude that the only reasonable hypothesis from the material facts proved was that accepted by the jury that defendant was guilty of the crime charged. Defendant next contends that the troopers, as lay witnesses, could not properly testify as to anything but facts, and their testimony concerning the chisel fitting into the fresh pry marks was, therefore, inadmissible. We find no basis for this contention. Although the troopers were not experts, their testimony was admissible to show their observations that the chisel fit the indentations on the door. They could properly describe the effect of the comparisons which were made between them. Finally, the zero to three year indeterminate sentence imposed on defendant was not, in our opinion, excessive. The maximum sentence imposable was seven years. Contrary to defendant's contention, the fact that his codefendant received a lighter sentence is no basis for reducing defendant's sentence. The trial court had discretion to vary the sentences depending on differing circumstances involved in each case. (*People* v. *Turley*, 38 A D 2d 769.) Judgment affirmed. Herlihy, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur.