■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TOMMY E. BROWN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered January 8, 1975, convicting him of assault in the second degree, upon his plea of guilty, and imposing sentence in accordance with section 70.06 (subd 3, par [c]; subd 4) of the Penal Law. Judgment affirmed. Appellant's claim that the statute violates his right to equal protection of the law in that it treats second felony offenders more harshly than it does first-time felons is without merit. The constitutionality of second offender provisions has long been established (see *People v Wilson,* 13 NY2d 277, app dsmd 377 US 925; *People v Gowasky,* 244 NY 451). Latham, Acting P. J., Margett, Rabin, Titone and Hawkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES RAY CHERRY, Also Known as CHARLES S. CHERRY, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered June 21, 1974, convicting him of murder, upon a jury verdict, and imposing sentence. Judgment affirmed. Since the overwhelming proof in this case is conclusive of defendant's guilt, the few prejudicial remarks made by the prosecutor do not warrant reversal (see *People v Crimmins,* 36 NY2d 230; *People v Ketchum,* 35 NY2d 740). We note that no objection was taken to anything said by the prosecutor in his summation. Hopkins, Acting P. J., Cohalan, Damiani, Shapiro and Titone, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN HOOD, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered December 11, 1973, convicting him of criminally selling a dangerous drug in the third degree, criminal possession of a dangerous drug in the third degree and criminal possession of a dangerous drug in the fourth degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the conviction for criminal possession of a dangerous drug in the fourth degree and the sentence imposed thereon, and the said count is dismissed. As so modified, judgment affirmed. The crime of criminal possession of a dangerous drug in the fourth degree under subdivision 1 of former section 220.15 of the Penal Law, is a lesser included offense of the crime of criminally selling a dangerous drug in the third degree under former section 220.35 of the Penal Law (see L 1969, ch 788) and, accordingly, the jury's finding of guilt on the latter charge is deemed a dismissal of the former (see CPL 300.40, subd 3, par [b]; *People v Droz,* 46 AD2d 751). The conviction of criminal possession of a dangerous drug in the third degree is not being dismissed. That count required proof of an additional element, namely, that the dangerous drug here involved (cocaine) must have had an aggregate weight of more than one ounce. To this extent, criminal possession in the third degree is not included within the crime of criminally selling in the third degree. Accordingly, only the conviction for criminal possession of a dangerous drug in the fourth degree should be dismissed as a lesser included offense. Hopkins, Acting P. J., Martuscello, Cohalan, Damiani and Shapiro, JJ., concur.