■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL FRANK SIBLEY, Appellant.—Appeal from a judgment of the County Court of St. Lawrence County, rendered December 8, 1975, convicting defendant, upon his plea of guilty, of the crime of grand larceny in the second degree. Defendant was indicted for one count of burglary in the third degree and one count of grand larceny in the second degree. He subsequently entered a plea of guilty to grand larceny in the second degree in full satisfaction of the indictment. Thereafter, on December 8, 1975 he was sentenced as a second felony offender, pursuant to section 70.06 of the Penal Law, to an indeterminate term of imprisonment of from two to four years. On this appeal defendant's sole contention is that section 70.06 of the Penal Law deprived him of his right to equal protection of the law by removing from the judiciary the right to consider mitigating circumstances in sentencing and by treating second felony offenders more harshly than first-time felons for the same crime. This court has recently upheld the constitutionality of this same statute against the contention that its minimum sentence requirement constituted a harsh and excessive sentence and thus cruel and unusual punishment (People v Brown, 46 AD2d 255). We stated therein (p 256): "There is a rational basis to impose a heavier penalty on multiple felony offenders and all persons alike are treated equally." Similarly, the Appellate Division, Fourth Department, has concluded that this statute was not a denial of equal protection since all second felony offenders as a class are treated the same (People v Butler, 46 AD2d 422). Since all second felony offenders are treated alike, it is clear that defendant's contention that section 70.06 of the Penal Law deprived him of equal protection of the law is without merit. The judgment, therefore, should be affirmed. Judgment affirmed. Koreman, P. J., Sweeney, Mahoney, Larkin and Reynolds, JJ., concur.