■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALVATORE L. NAPOLITANO and CARMINE J. BARCIA, Appellants.—Appeal by defendants from two judgments of the Supreme Court, Kings County (one as to each of them), both rendered July 22, 1975, convicting each of promoting gambling in the second degree and possession of gambling records in the first and second degrees, upon a jury verdict, and imposing sentence. Judgments modified, on the law, by reversing the conviction as to each defendant of possession of gambling records in the second degree, and the sentences imposed thereon, and the said count is dismissed. As so modified, judgments affirmed. This case is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (subd 5). This court, *sua sponte,* is reversing the conviction as to each defendant of possession of gambling records in the second degree. It was error not to dismiss that count as an inclusory concurrent count upon their conviction of possession of gambling records in the first degree (see CPL 300.40, subd 3, par [b]). We have considered defendants' other contentions and find them to be without merit. Hopkins, Acting P. J., Martuscello, Cohalan and Damiani, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES RICCIARDI, Appellant.—Judgment of the County Court, Westchester County, rendered May 14, 1974, affirmed. No opinion. This case is remitted to the County Court, Westchester County, for further proceedings pursuant to CPL 460.50 (subd 5). Hopkins, Acting P. J., Martuscello, Cohalan and Damiani, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LORRAINE SCOTT, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered March 2, 1976, convicting her of manslaughter in the second degree, upon a plea of guilty, and imposing sentence. Judgment affirmed. The fact that the defendant received a harsher sentence than that of her codefendant did not result in a denial to her of the equal protection of the laws (see *United States v Murphy,* 480 F2d 256; *Lewis v United States* 369 F Supp 659). It was within the discretion of the trial court to vary the sentences of the defendant and her codefendant, based, as they were, upon different factors contained in the presentence reports of each defendant (see *People v Hoppe,* 47 AD2d 571; *People v Junco,* 43 AD2d 266, affd 35 NY2d 419, cert den 421 US 951). Hopkins, Acting P. J., Martuscello, Cohalan and Damiani, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS SUAREZ, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered September 8, 1975, convicting him of attempted criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. Judgment affirmed. Appellant's constitutional argument with respect to section 70.06 of the Penal Law and CPL 400.20 has no merit (see *People v Brown,* 54 AD2d 585; *People v Butler,* 46 AD2d 422; see, also, *People v Brown,* 46 AD2d 255). Cohalan, Acting P. J., Margett, Suozzi and Mollen, JJ., concur.