■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE OWENS, Appellant.—Appeal by defendant, as limited by his brief, from a sentence of the Supreme Court, Kings County, imposed April 9, 1976, upon his conviction of robbery in the first degree, upon his plea of guilty, the sentence being a term of imprisonment with a minimum of 7½ years and a maximum of 15 years. Case remitted to the Criminal Term to hear and report on defendant-appellant's claim that his predicate felony conviction had been obtained in violation of his constitutional rights (see CPL 400.21, subd 7, par [b]), and appeal held in abeyance in the interim. The appellant was indicted for robbery in the first degree, and a related lesser charge, stemming from an incident which occurred in 1973. On February 19, 1976 the appellant entered a plea of guilty to robbery in the first degree to cover all charges pending against him. Before sentence was imposed, the court told the appellant that the District Attorney had filed a statement alleging that he had been convicted and sentenced for a predicate felony and informed him of the possible consequences of being adjudicated a second felony offender as defined in section 70.06 of the Penal Law. During the course of the sentencing, the appellant was told that he was entitled to raise the unconstitutionality of the prior conviction. Thereafter, the appellant said: "THE DEFENDANT: At this time, I can't even mess with one of the previous allegations of a felony. I'd have to go back into that because I don't have the knowledge to me of it. I was young at the time so I really don't know too much about that one. Whether the plea was taken by force or whatever, I had an ultimatum in order to take this. If I didn't take it, I was going to get more than I was supposed to get. And I can't raise the objection now because certain articles are missing from the record so I don't know right now where I am." The sentencing Judge stated: "The answer is no in terms of Constitutional areas." The appellant was then sentenced. There appears to be some doubt as to what the appellant was referring to, and the court should not have imposed sentence without making further inquiry. A hearing on this question will allow the court to fully examine any claim of unconstitutionality of the appellant's prior conviction and resolve any ambiguities in what he was alleging. The appellant also claims that New York's treatment of second felony offenders is unconstitutional in that it violates his right to equal protection of the laws. The constitutionality of section 70.06 of the Penal Law and CPL 400.21 has been upheld by this

court in the face of challenges that they violate equal protection guarantees (see *People v Suarez*, 55 AD2d 963; *People v Brown*, 54 AD2d 585). Martuscello, J. P., Latham, Margett and O'Connor, JJ., concur.