■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH WASHINGTON, Appellant.—Casey, J. Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered March 14, 1984, which resentenced defendant follow-

ing his conviction of the crime of grand larceny in the third degree.

The verdict finding defendant guilty of the crime of grand larceny in the third degree was previously sustained by this court. However, the sentence imposed thereon was vacated and the matter remitted to County Court for the purpose of conducting a persistent felony hearing (96 AD2d 996). The hearing was held on January 13, 1984 and reopened on March 14, 1984. On the initial date, the People called four witnesses and introduced several exhibits. Defendant testified at length in his own behalf. The People's documentary proof established, and County Court found, that defendant was convicted in 1954 in Rensselaer County of the crime of attempted robbery in the first degree and was sentenced for such crime to a State correctional facility; that thereafter defendant was convicted in October 1972 in Rensselaer County of grand larceny in the third degree, a class E felony, and sentenced to one year in the county jail; that in September 1975 defendant was convicted in Albany County of the crime of attempted criminal possession of a forged instrument in the second degree and sentenced to 1½ to 3 years in a State correctional facility; and that these convictions, added to the instant conviction of grand larceny in the third degree, qualified defendant for persistent felony offender treatment pursuant to the provisions of Penal Law § 70.10. Defendant contends that County Court erred in considering his 1954 conviction of attempted robbery in the first degree as a prior felony because he was unrepresented by counsel at the time he was sentenced on that crime, rendering that conviction a nullity.

Defendant claims that this conclusion is buttressed by the fact that he was sentenced only as a predicate felon upon his 1975 conviction, that court having refused to consider his 1954 conviction as a prior felony and having relied solely on his 1972 Rennselaer County conviction of grand larceny in the third degree as the predicate. While this is true, we do not find such determination binding on County Court in this case. In 1975, the prosecution apparently failed to produce documents showing that defendant was represented by counsel at the time of his 1954 sentencing. However, on March 14, 1984, the hearing herein was reopened to permit Detective Robert Whelan of the Rensselaer County District Attorney's office to testify that he had found and produced the previously misplaced records which showed that defendant was in fact represented by counsel at his 1954 sentencing. Accordingly,

the first prong of the appropriate test was satisfied *(see,* CPL 400.20 [1] [a]).

With respect to the second prong contained in CPL 400.20 (1) (b), namely that the court must determine if it is "of the opinion that the history and character of the defendant and the nature and circumstances of his criminal conduct are such that extended incarceration and lifetime supervision of the defendant are warranted to best serve the public interest", County Court here found that: "defendant had engaged in a persistent pattern of criminal conduct from 1944 to 1979. Several terms of imprisonment have failed to deter defendant from engaging in criminal conduct and the court notes that on at least three occasions parole was violated and defendant was remanded to the custody of the Department of Correction; that this criminal conduct indicated that extended incarceration and lifetime supervision of defendant will best serve the public interest. Accordingly, defendant will be sentenced as a persistent felony offender."

We find no error in this determination. Defendant's 1944 conviction in Schenectady County of robbery in the second degree was not considered as a predicate felony by County Court here, since it has already been judicially determined that defendant was not represented by counsel at the time of his sentencing on the Schenectady crime in 1944 *(see, People v Washington,* 57 Misc 2d 97). This authority precluded the use of defendant's 1944 Schenectady County conviction as a predicate felony when defendant was sentenced in Rensselaer County in 1954. Despite this authority, however, in our opinion the Schenectady crime may properly be considered on the issue of defendant's prior conduct under the second prong of the persistent felony test prescribed in CPL 400.20 (1) (b).

Taking defendant's extensive prior criminal conduct into consideration, as did County Court, we cannot say that it was an abuse of discretion for that court to have imposed a punishment of 25 years to life when the prior conduct clearly showed defendant's complete indifference to the laws of society. Nor do we find the sentence unconstitutional or excessive.

Lastly, we find meritless defendant's claim of lack of competent and adequate legal representation. Accordingly, the judgment of conviction should be affirmed.

Judgment affirmed. Kane, J. P., Casey, Weiss, Mikoll and Levine, JJ., concur.