THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CHRISTOPHER LOVE, Respondent.

Fourth Department, July 10, 1987

## APPEARANCES OF COUNSEL

*Howard R. Relin, District Attorney (Robert Mastrocola* of counsel), for appellant.

*James S. Bartlow* for respondent.

### OPINION OF THE COURT

CALLAHAN, J. P.

On this appeal,* the People claim that the Monroe County Court unlawfully sentenced defendant as a first felony offender after that court had granted defendant's CPL 440.20 motion and vacated defendant's prior sentencing as a second felony offender.

Defendant was originally sentenced on January 31, 1983 as a second felony offender to an indeterminate term of 12½ to 25 years for robbery in the first degree for an incident that occurred on January 9, 1982. Defendant's status as a predicate felon was based upon a prior conviction in 1972 for assault in the second degree.

Defendant subsequently brought a motion pursuant to CPL 440.20 to set aside his sentencing as a predicate felon on the ground that the prior 1972 assault conviction was unconstitutionally obtained. The People concede for purposes of this proceeding that the 1972 conviction was unconstitutional. County Court granted defendant's motion, vacated his prior sentencing as a second felony offender and ordered that he be resentenced. At that time, the People filed a new second felony information alleging that defendant was a predicate felon based upon a 1968 conviction for grand larceny in the third degree. Although defendant had been sentenced on this conviction more than 10 years prior to the commission of the felonies for which defendant was being sentenced *(see,* Penal Law § 70.06 [1] [b] [iv]), the People contended that the 10-year statutory period was "tolled" for the three-year, 71-day period during which the defendant had been incarcerated on the 1972 assault conviction *(see,* Penal Law § 70.06 [1] [b] [v]). Defendant successfully argued that since the 1972 conviction had been unconstitutionally obtained, it could not be used to extend the 10-year period for determining whether a prior conviction is a predicate felony conviction *(see,* CPL 400.21 [7] [b]).

---

* CPL 450.30 (2) permits an appeal by the People upon the ground that such sentence was invalid as a matter of law.

The novel issue presented is whether, under Penal Law § 70.06 (1) (b) (v), the period of time during which defendant was incarcerated by reason of an unconstitutionally obtained conviction may be used to extend the statutory 10-year period for determining whether defendant was subject to a predicate felony conviction thus warranting the enhanced punishment authorized for a second felony offender under that statute.

A second felony offender is statutorily defined as a person who stands convicted of a felony after having previously been subjected to one or more predicate felony convictions (Penal Law § 70.06 [1] [a]). For purposes of determining whether a prior conviction qualifies as a predicate felony conviction, warranting the enhanced punishment authorized by statute, sentence upon such prior conviction must have been imposed not more than 10 years before the commission of the felony of which the defendant presently stands convicted (Penal Law § 70.06 [1] [b] [iv]).

Penal Law § 70.06 (1) (b) (v) states that: "In calculating the ten year period under subparagraph (iv), *any period of time* during which the person *was incarcerated for any reason* between the time of commission of the previous felony and the time of commission of the present felony shall be excluded and such ten year period shall be extended by a period or periods equal to the time served under such incarceration" (emphasis added).

The People contend that Penal Law § 70.06 (1) (b) (v) clearly provides that *"any period of time"* for which a person was incarcerated *"for any reason"* (emphasis added) shall be excluded from the 10-year period, and since the statute is absolutely clear on its face, a court may not alter its plain language *(People v Basilicato,* 64 NY2d 103, 118; *People v Graham,* 55 NY2d 144, 152; *Matter of Cooligan v Celli,* 112 AD2d 789; *see also,* McKinney's Cons Laws of NY, Book 1, Statutes § 76). Because the statute does not make any exception for time served by reason of an unconstitutionally obtained conviction, the People claim that there is no basis to go behind the plain language of the statute which mandates that the period of defendant's incarceration pursuant to his 1972 conviction be properly excluded in calculating the 10-year period in this case. Moreover, the People contend that this result is consistent with the legislative purpose of Penal Law § 70.06 which was enacted in order to require a prior felon to demonstrate that he can function "in society" in a law-abiding

manner for a 10-year period in order to avoid being sentenced as a recidivist *(see, People v Orr,* 57 AD2d 578).

In our view, the language of Penal Law § 70.06 (1) (b) (v) must be read in light of the provisions of CPL 400.21 (7) (b), which prohibits the use of an unconstitutionally obtained conviction in determining whether a defendant has been subjected to a predicate felony conviction. As the County Court properly noted: "It is illogical that an unconstitutionally obtained conviction may not be used to establish predicate felony status, but may be used to obtain the same result by virtue of the tolling provisions of 70.06 (1) (b) (v). The legislature could not have intended such an irrational application."

While the legislative history of the predicate felony offender statute is silent as to the purpose underlying the boundaries of the tolling provisions contained therein *(see, People v Kennedy,* 128 Misc 2d 937, 941), nevertheless, we cannot ignore the express statutory language of CPL 400.21 (7) (b). This is consistent with the established principle that a conviction obtained in violation of one's constitutional rights may not be used to enhance punishment for another offense *(Burgett v Texas,* 389 US 109, 115; *People v Harris,* 61 NY2d 9, 16). Reading CPL 400.21 (7) (b) in harmony with Penal Law § 70.06 (1) (b) (v) requires that any period during which defendant was incarcerated by virtue of an unconstitutionally obtained conviction shall not be used to toll the 10-year period of the second felony offender sentencing statute.

Thus, since the defendant was released from prison on his 1968 conviction more than 10 years prior to the commission of the instant offense, County Court properly sentenced defendant as a first felony offender.

Accordingly, the judgment should be affirmed.

DOERR, GREEN, PINE and LAWTON, JJ., concur.

Judgment unanimously affirmed.