■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDGAR RIVERA, Appellant.—Judgment, Supreme Court, New York County (James Leff, J., at suppression hearing and at trial with a jury), rendered April 15, 1988, which convicted defendant of attempted burglary in the second degree and sentenced him, as a persistent felony offender, to an indeterminate term of imprisonment of 15 years to life, unanimously modified, as a matter of discretion in the interest of justice, to vacate the sentence of defendant as a persistent felony offender and to sentence defendant as a predicate felony offender to a prison term of 3½ to 7 years, and otherwise affirmed.

Defendant's guilt of attempted burglary was established by the testimony of the victim and an eyewitness, both of whom had identified him at a prompt on-the-scene showup, and by defendant's incriminating remarks to the police.

Although defendant contends that he was denied effective assistance of trial counsel, the record reveals that counsel presented a coherent, reasonable defense in the face of overwhelming evidence. *(People v Baldi,* 54 NY2d 137.)* The record contains no suggestion that counsel was not prepared or vigorous in his efforts on behalf of defendant. Counsel's deci-

sion not to cross-examine the victim was a deliberate strategy founded on the victim's testimony that defendant only "looked like" the burglar, and was consistent with the defense claim that the second, independent eyewitness had accused defendant to cover up his own culpability. Similarly, counsel's decision not to request a lesser included charge of trespass is not indicative of ineffective assistance of counsel. Moreover, we find no basis to conclude that defense counsel did not represent defendant adequately at sentencing. *(See generally, People v Brown,* 45 NY2d 852.)

As to the issues raised by defendant in his *pro se* brief, we note that absent any indicia that the on-the-scene showup was suggestive, the court's ruling denying a defense request to call the victim to testify at the suppression hearing was not an abuse of discretion. *(People v Peterkin,* 75 NY2d 985.) Defendant never raised, and has consequently failed to preserve, a Sixth Amendment claim on his suppression motion. There is no support in the record for defendant's claim that his right to a fair trial was denied by the court's unfair treatment of defense counsel. Accordingly, defendant's conviction of attempted burglary in the second degree is affirmed.

We find, however, that the trial court improvidently exercised its discretion in sentencing the defendant to a prison term of 15 years to life as a "persistent felony offender". CPL 400.20 (1) authorizes discretionary "persistent felony offender" treatment where the defendant has been previously convicted of two or more felonies *and* the court "is of the opinion that the history and character of the defendant and the nature and circumstances of his criminal conduct are such that extended incarceration and lifetime supervision of the defendant are warranted to best serve the public interest". (CPL 400.20 [1] [b].)

While defendant's previous convictions of burglary in the third degree and attempted burglary in the second degree qualified him for persistent felony offender treatment under the first prong of the statute, we conclude that it was unduly harsh and an improvident exercise of discretion to find defendant qualified under subdivision (1) (b) of the statute. While defendant's criminal history includes several contacts with the law, none of the crimes involved is of a violent nature nor is his record so extensive as to warrant a finding that the history and character of this defendant and the nature and circumstances of his criminal conduct bring him within the class of defendants for whom persistent felony offender treatment is appropriate. While we in no way condone defendant's criminal

activity nor intend to minimize the gravity of his criminal record, we find that the imposition of a sentence of 15 years to life for this attempted burglary is unduly harsh and severe and, accordingly, vacate the finding that defendant is a "persistent felony offender" and reduce defendant's sentence to 3½ to 7 years, which is the maximum term applicable to a predicate felony offender for this crime. Concur—Murphy, P. J., Kupferman, Ross and Ellerin, JJ.