*572 OPINION OF THE COURT
Alfred H. Kleiman, J.
Defendant was charged with and convicted, after trial by jury on October 24, 1994, of two counts of grand larceny in the fourth degree, class E felonies (Penal Law § 155.30 [5]).
The People submitted to this court, prior to the date fixed for sentencing, a written memorandum pursuant to CPL 390.40 (1) in support of its request that defendant be sentenced to two concurrent terms, of 15 years to life imprisonment, as a persistent felony offender. The court declined to so exercise its discretion as provided for in Penal Law § 70.10 (2) and sentenced the defendant to two consecutive terms of two to four years, the maximum alternative sentence (Penal Law §§ 70.06, 70.25).
This opinion sets forth this court’s reasons for the sentences imposed.
Prior to 1978, Penal Law § 70.10 (1) defined a persistent felon as "a person who stands convicted of a felony after having previously been convicted of two or more felonies”. In 1978, the definition of a persistent felon was amended to insert "other than a persistent violent felony offender as defined in section 70.08”.
Penal Law § 70.10 (2) provides that when a defendant is a persistent felony offender (which defendant concedes) and the court "is of the opinion that the history and character of the defendant and the nature and circumstances of his criminal conduct indicate that extended incarceration and life-time supervision will best serve the public interest, the court, in lieu of imposing the sentence of imprisonment authorized by section 70.00, 70.02, 70.04 or 70.06 for the crime of which such person presently stands convicted, may impose the sentence of imprisonment authorized by that section for a class A-I felony” (emphasis added), to wit: a minimum of 15 years to life.
The defendant argued that imposing a sentence of at least 15 years to life "would be a gross violation of the Eighth Amendment prohibition against cruel and unusual punishment.” The constitutionality of second felony offender provisions (Penal Law §§ 70.04, 70.06, 70.08) and the procedure for the court’s findings under section 70.10 (CPL 400.20) have been held as not violative of the Fifth and Fourteenth Amendments (People v Sailor, 65 NY2d 224 [1985]; People v Suarez, 55 AD2d 963 [2d Dept 1977]; People v Brown, 54 AD2d 585 [2d Dept 1976]; People v Butler, 46 AD2d 422 [4th Dept 1975]). In *573 People v Oliver (96 AD2d 1104, 1105 [2d Dept 1983]) the Court stated that it is established that section 70.10 of the Penal Law is facially constitutional. (However, it cited in support thereof People v Suarez, supra, and People v Rosello, 97 Misc 2d 963, 969-971 [Sup Ct, NY County 1979] both of which dealt with convictions before Penal Law § 70.10 was amended in 1978.) The Court of Appeals affirmed People v Oliver (supra) without reaching the constitutional issue (63 NY2d 973 [1984]).
Prior to the 1978 amendment, a persistent violent felony offender (Penal Law § 70.08) convicted of a class E felony could have been sentenced to either a minimum of two years to life (People v Green, 68 NY2d 151 [1986]) or to a minimum of 15 years to life pursuant to Penal Law § 70.10 (2). However, under the statute as amended, even though this may not have been the legislative intent, a persistent violent felon is not defined as a "persistent felony offender” (Penal Law § 70.10 [1]). It could thus be argued that the law now constitutes a violation of the constitutional protection of equal protection of the laws.
However, "[i]t is hornbook law that a court will not pass upon a constitutional question if the case can be disposed of in any other way” (People v Felix, 58 NY2d 156, 161 [1983]).
The preliminary issue before this court was whether "the history and character of the defendant and the nature and circumstances of his criminal conduct indicate that extended incarceration and life-time supervision will best serve the public interest”. (Penal Law § 70.10 [2].) This 34-year-old defendant has amassed 33 arrests since 1977. All of his convictions were for removing or attempting to remove property from the victim’s purse or pocket. In 23 of his misdemeanor convictions he received prison sentences ranging from 45 days to one year. In 1984, he received his first felony conviction following his guilty plea to grand larceny in the fourth degree and was sentenced to six months’ imprisonment. Following further misdemeanor convictions, in 1990 and 1993 he again pleaded guilty to two more similar felonies and was sentenced to 1/2 to 3 years, and 2 to 4 years respectively. (This court noted that he was never given a probationary sentence or an alternative to incarceration other than unsupervised conditional discharges.)
"The purpose of the statute [Penal Law § 70.10 (former Penal Law § 30.10)] is to allow the court to use a sentence that *574 includes extended incarceration and lifetime supervision for persons who persist in committing serious crimes after having been subjected to repeated terms of imprisonment.” (Commission Staff Notes, 1982-1983 Gilbert Criminal Law and Procedure, at 2A-22 [65th ed].) While pickpocketing is not a violent crime, it is a serious crime — a crime that affects the quality of life in this city. There was no question in this court’s mind that the defendant’s history and the circumstances of his criminal conduct warranted "extended incarceration and lifetime supervision”. (Penal Law § 70.10 [2].)
However, the authorized sentence gives the court limited discretion in determining the "extent” of incarceration. This court was convinced that it would have served the public interest to impose a sentence of "life-time supervision” but to do so this court was required to "impose the sentence of imprisonment authorized by that section for a class A-I felony” (Penal Law § 70.10 [2]), to wit, the same sentence as must be imposed upon a defendant who was convicted of the crime of murder (2nd degree) or arson (1st degree) or kidnapping (1st degree), a minimum of 15 years to life.
"No gradation of penalty due to the class of felony committed has been provided for in the persistent felony offender statute, and in this sense the sentence authorized for a persistent felony offender (Penal Law, § 70.10, subd 2) bears no relationship to the gravity of the underlying crime committed. The authorized sentence for a persistent felony offender does not depend on the class of felony committed” (Matter of Roballo v Smith, 99 AD2d 5, 8 [4th Dept], affd 63 NY2d 485 [1984]). By contrast, the authorized sentence for a persistent violent felony offender who commits a class B felony is a minimum of 10 years to life (Penal Law § 70.08 [3]) and for a class E felony the minimum is 2 years to life. (People v Green, 68 NY2d 151, supra.)
A life-time sentence would have been the appropriate deterrent and the only possibility of reformation under proper supervision, however guarded that prognosis was. Defendant would have known that upon being paroled if he returned to his criminal "vocation” he would face life imprisonment. As this court did not consider that justice would be served by a minimum sentence of 15 years to life, the court was left with no alternative but to sentence the defendant pursuant to Penal Law § 70.06. The sentence imposed requires the defendant to serve 8 years, with a minimum of 4 years.
*575 As Justice Irving Lang said in People v Wright (104 Misc 2d 911, 919 [Sup Ct, NY County 1980]) "In my view the persistent felony offender statute should be utilized only in the most extreme cases”. In practically all of the cases in which the defendant was found to be a persistent felony offender, the underlying crime was a violent felony. (See, People v Sailor, supra; People v Elliott, 162 AD2d 1030 [4th Dept 1990]; People v Rosello, supra; People v Drummond, 104 AD2d 825 [2d Dept 1984]; People v Wright, supra.)
Only three reported cases were found where the underlying crime or crimes were nonviolent class D or E felonies. In People v Oliver (supra), where the underlying crimes included burglary in the third degree, there was evidence of defendant’s propensity towards violence. In People v Washington (119 AD2d 894 [3d Dept 1986]) the underlying crime was grand larceny in the third degree, but defendant’s criminal history included violent crimes. In People v Rivera (166 AD2d 367 [1st Dept 1990]) the underlying crime was attempted burglary in the second degree and the appellate court reduced the sentence of 15 years to life to 3 Vz to 7 years finding the lower court’s sentence "unduly harsh and severe”.
This court recommends to the Legislature that consideration be given to amending Penal Law § 70.10 giving the court more discretion in fixing the minimum sentence for nonviolent persistent felons. Given that discretion, this court has no doubt that more criminals who engage in a continuous life of crime would be sentenced as persistent felony offenders.
In this court’s opinion, considering defendant’s extensive record as compared to that of the defendant in People v Rivera (supra), the imposition of a life sentence would not have been an improvident exercise of discretion were a lesser minimum sentence authorized.