ROCKLAND WOODS, INC., et al., Plaintiffs *v.* INCORPORATED VILLAGE OF SUFFERN, Defendant.

Second Department, February 13, 1973.

386

*Joseph Deutsch* for plaintiffs.

*John J. Byrne* for defendant.

CHRIST, J. This case comes to us on an agreed statement of facts pursuant to CPLR 3222. The question presented is whether, under the facts of this case, the abstention from voting by a village trustee on a resolution before the village Board of Trustees should be counted as an affirmative vote.

The Board of Trustees of the defendant village, when fully constituted, consists of five members, the Mayor of the village and four trustees. At the time of the vote in question, however, there was a vacancy in a trusteeship and only four members were available to vote on the resolution, a proposed change in the village's zoning ordinance. Two members voted in favor of the change, one voted against and the fourth abstained.

Section 41 of the General Construction Law requires a majority of a fully-constituted board for a quorum and a majority vote of such a board to act. Three affirmative votes were required, therefore, for the valid adoption of the resolution. If the abstention is counted as an affirmative vote, the resolution was validly adopted. We think, however, that it may not be so counted and that the resolution was not adopted.

The proposed resolution before the defendant's Board of Trustees would have changed a single-family residence zone to a multiple-residence zone. The village's Planning Board had unanimously recommended that the change not be approved. At the hearings before the Board of Trustees, the applicant for the change stated its intention to construct condominiums if the change were approved. The trustee who abstained from voting said he saw nothing in the ordinance authorizing condominiums and it appears that he was unprepared to take a position on the resolution.

There is no issue in this case as to whether a quorum was present. The abstainer's presence was not required to make a

quorum, three other members of the board being present to transact business.

The parties are in agreement that the vote was taken in accordance with Robert's Rules of Order. The 1970 edition of Robert's Rules provided that while a member who has an opinion on a question has a duty to vote, he is nevertheless permitted to abstain because he cannot be compelled to vote. The clear implication from that provision is that an abstention is not to be counted as a vote.

Moreover, it is our opinion that three favorable votes are required to constitute a majority of a five-member board under section 41 of the General Construction Law and that the absence or abstention of a member does not dispense with or lessen that requirement (*Matter of Town of Smithtown* v. *Howell,* 31 N Y 2d 365 [dec. Dec. 6, 1972]). The purpose of that statute is to ensure that before official action is taken by a public body, there must be clear and express approval by a majority of its members.

The decision in *Matter of Cromarty* v. *Leonard* (13 A D 2d 275, affd. 10 N Y 2d 915) is readily distinguishable. While an abstention was held to be a vote in that case, it was not held to be an affirmative vote. An emergency situation existed in *Cromarty* in that the organization of a county government would have been paralyzed if the abstention were not treated as a vote. In the instant case, however, no emergency situation existed and the abstainer wielded no more power by abstaining than he could have exercised simply by casting his vote.

It is interesting to note that at the very next meeting of the Board of Trustees after a new member had filled the vacant trusteeship, another vote was taken on the same matter and resulted in a 3 to 2 vote against the change in zone, the new member, the previous abstainer and the lone dissenter now constituting the majority. This attempted reversal, considered together with the unanimous vote of the Planning Commission against the change, shows a strong disapproval of the zoning change sought to be made.

Accordingly, judgment should be granted to the defendant, without costs, declaring that the resolution approving the zoning change was not validly adopted by vote of a majority of the Board of Trustees at its regular meeting on October 26, 1971.

LATHAM, Acting P. J., SHAPIRO, GULOTTA and BRENNAN, JJ., concur.

In this controversy submitted upon an agreed statement of facts pursuant to CPLR 3222, judgment is granted in favor of defendant, without costs, declaring that the resolution to amend

defendant's zoning ordinance to change the zone of plaintiffs' real property from single-family residential (R-15) to garden apartments (GA) was not validly adopted on October 26, 1971 by defendant's Board of Trustees.