■ In the Matter of MARTIN SQUICCIARINI et al, Appellants, v PLANNING BOARD OF THE TOWN OF CHESTER, Respondent.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review respondent's determination, made July 16, 1974, which denied petitioners' application for a special permit for the excavation and removal of soil material, petitioners appeal from so much of a judgment of the Supreme Court, Orange County, dated December 30, 1974, as, after directing a rehearing of the application, denied the application in all other respects. Judgment reversed insofar as appealed from, on the law, without costs, and petition granted insofar as it seeks a direction that respondent's chairman stamp and approve petitioners' application for a special permit. Petitioners applied to respondent for a special permit for the excavation and removal of material from their property. The planning board submitted petitioners' proposal to the Orange County Department of Planning. On May 15, 1974 that department granted approval, subject to eight conditions. Those conditions have either been met or agreed to by petitioners and have been incorporated into the plan submitted by petitioners to the planning board. On July 3, 1974 respondent held a public hearing on petitioners' application. The planning board consists of seven members. By letter dated July 23, 1974 it announced its decision as follows: "At a Special Meeting of the Town of Chester Planning Board on July 16, 1974 a motion was made by Palmer, seconded by Eberle denying approval for a Special Permit. Three in Favor, One abstained." The Zoning Law of the Town of Chester provides: "5.1.2.2 * * * Within 45 days of the public hearing, the Planning Board shall act to approve, approve with modifications, or deny the application for authorization of the special permitted use. * * * 5.1.2.4 Failure of the Planning Board to take action on a special permitted use within 45 days of the public hearing shall be construed as authorization of such use by the Planning Board." The planning board's denial of petitioners' application was by less than a majority of its seven members. Such vote was ineffectual to deny the application and was equivalent to nonaction (General Construction Law, § 41; *Rockland Woods v Incorporated Vil. of Suffern,* 40 AD2d 385; *Matter of Town of Smithtown v Howell,* 31 NY2d 365). Thus, by virtue of the town's own zoning ordinance, the planning board must be deemed to have approved petitioners' application. Rabin, Acting P. J., Hopkins, Latham, Christ and Shapiro, JJ., concur.