■ In the Matter of LUCY VENDIKOS, Appellant, v JOHN VENDIKOS, Respondent.—In a support proceeding, petitioner appeals (1) from an order of the Family Court, Kings County, dated January 20, 1976, which, after a hearing, *inter alia,* reduced the respondent father's child support obligation and (2) from a further order of the same court, dated March 29, 1976, which denied her motion for reargument. Appeal from the order dated March 29, 1976 dismissed, without costs or disbursements. No appeal lies from an order denying reargument. Order dated January 20, 1976 affirmed, without costs or disbursements. The sudden and substantial decline in respondent's income since the prior award of support was made, due to no fault of his own, constitutes a change in circumstances which warrants a reduction of the child support award (see *Rotbert v Rotbert,* 47 AD2d 666; *Matter of Bailey v Bailey,* 34 AD2d 984). Cohalan, Acting P. J., Margett, Damiani, Shapiro and Titone, JJ., concur.

■ In the Matter of WALT WHITMAN GAME ROOM INC., Appellant, v ZONING BOARD OF APPEALS OF THE TOWN OF HUNTINGTON et al., Respondents.—In a proceeding to review a determination of the respondent zoning board of appeals, which, after a hearing, denied petitioner's application for a special exception permit, petitioner appeals from a judgment of the Supreme Court, Suffolk County, entered March 20, 1976, which dismissed the petition. Judgment reversed, on the law, without costs or disbursements, and matter remanded to the zoning board of appeals for further proceedings consistent herewith. The petitioner applied to the respondent zoning board of appeals for a special exception permit to conduct a "place of amusement (game room)". Of the seven members of the zoning board of appeals, two voted to grant the application, two voted to deny it, two members abstained and one was absent. The application of the provisions of section 41 of the General Construction Law to the action of the zoning board of appeals here sought to be reviewed would require four votes, a majority of the whole number which the board has, to perform or exercise a duty or power. The vote in the instant situation was not a valid action and "was equivalent to nonaction" (see *Matter of Squicciarini v Planning Bd. of Town of Chester,* 48 AD2d 687, affd 38 NY2d 958). Accordingly, the matter has been remanded to the zoning board of appeals for a vote in accord with section 41 of the General Construction Law (cf. *Matter of Gray v Maislen,* 17 Misc 2d 161). Hopkins, Acting P. J., Margett, Shapiro and Titone, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY BARRETT, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered October 9, 1974, convicting him of robbery in the second degree, upon his plea of guilty, and imposing sentence in accordance with section 70.06 (subd 3, par [b]; subd 4) of the Penal Law. Judgment affirmed (see *People v Brown,* 54 AD2d 585). Hopkins, Acting P. J., Martuscello, Latham, Rabin and Hawkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN BLUVER, Also Known as HARRY COHEN, Appellant.—Judgment of the Supreme Court, Kings County, rendered May 26, 1976, affirmed, No opinion. This case is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (subd 5). Martuscello, Acting P. J., Latham, Cohalan, Rabin and Hawkins, JJ., concur.