A. Thomas Levin, Esq. Village Attorney, Great Neck
You have asked what options are available to a village in the event that a zoning board of appeals is unable to take action on a particular matter because three of the five members of the board refrain from voting on that issue due to conflicts of interests.
A zoning board of appeals reviews determinations made by the administrative official charged with enforcing zoning regulations and decides other matters referred to it by local law (Village Law, §7-712[2]). The board may consist of three or five members who are appointed by the board of trustees for three or five year terms — three year terms for individuals on a three member board, five year terms for individuals on a five member board (id., § 7-712[l]). The board of trustees is empowered to fill vacancies on a zoning board of appeals for the remainder of unexpired terms (ibid.).
The voting procedures of the zoning board of appeals are established both in the Village Law and the General Construction Law. Section 7-712(2) of the Village Law states that the concurring vote of a majority of the board is necessary for the board to take action. Section 41
of the General Construction Law establishes a quorum as a majority of the whole number of a board and also requires the concurring vote of a majority of the whole number in order for a board to take action. The term "whole number" means "the total number which the board, commission, body or other group of persons or officers would have were there no vacancies and were none of the persons or officers disqualified from acting" (General Construction Law, § 41). Section 41 is applicable to local bodies (Town of Smithtown v Howell, 31 N.Y.2d 365, 376-378
[1972]). Under this section, the absence or abstention of a member does not dispense with the requirement that action be taken by a majority of the whole number of the board (ibid.). Action taken by a zoning board of appeals by less than a majority of the whole number of the board was declared invalid as "nonaction" and the matter remanded to the board for a vote in accordance with section 41 (Walt Whitman Game Room, Inc. vZoning Board of Appeals of the Town of Huntington, 54 A.D.2d 764 [2d Dept, 1976]).
The situation that you have described may be distinguished from those involving a vacancy or absence. Where board inaction is the result of a vacancy or absence, such circumstances can usually be rectified within a short period of time. Abstention due to a conflict of interest may be overcome only when the board member either gives up his private interest or is replaced on the board. The former may represent a considerable personal hardship to the board member and the latter, owing to the staggering of terms of members of a board of appeals, may take a long time.
The Municipal Home Rule Law permits villages to amend or supersede portions of the Village Law relating to its property, affairs or government or to other matters in relation to which it is authorized to adopt local laws, notwithstanding that such provision is a general law, unless the Legislature expressly has prohibited the adoption of the proposed local law (Municipal Home Rule Law, § 10[1][ii][e][3]). (In other contexts local laws must be consistent with general State laws [id., §§ 2(5), 10(1)(i) and (ii)].) In construing a similar provision for towns (id., § 10[1][ii][d][3]), the Appellate Division permitted a town board to delegate certain powers formerly held by the town zoning board of appeals established under the Town Law to a second board created by the town board in the absence of specific authority under the Town Law (In the Matter of Sherman v Frazier, 84 A.D.2d 401 [2d Dept, 1982]). The Court cited section 10(1)(ii)(a)(14) of the Municipal Home Rule Law which authorizes towns, villages, cities and counties to adopt local laws to exercise the powers granted to them in the Statute of Local Governments (Frazier, supra, at 409). The Court concluded that since section 10(6) of the Statute of Local Governments grants to towns (also villages and cities) the power to adopt, amend and repeal zoning regulations, it follows that a town board may adopt zoning regulations by local law under the Municipal Home Rule Law (ibid.).* We believe that since villages and towns are covered by substantially the same statutory provisions, it follows that a village may also adopt zoning regulations by local law, including a provision which would amend section 7-712(1) of the Village Law to permit the village board of trustees temporarily to replace those members of the zoning board of appeals whose abstentions from a particular vote, due to conflicts of interests, negate the board's opportunity to take action on a particular issue. This could be accomplished through the appointment of alternates, or through ad hoc appointments for a particular matter. In support of this practical solution, we note that a zoning board of appeals serves to protect property owners against the arbitrary use of the police power (see 67 NY Jur §§ 260 and 261 [1969]). Such protection should not be withheld or delayed for an inordinate length of time because the private interests of some board members prevents the board from acting.
We conclude that a local board may take action only by a majority of the whole membership of the board. Villages by local law may establish "alternate" members of the zoning board of appeals, who could serve in a case where conflicts of interest of regular board members would preclude action by the board.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.
* There is no discussion of whether zoning regulations may be enacted under Municipal Home Rule Law, § 10(1)(ii)(a)(12), the grant of police power to local governments.