OPINION OF THE COURT
Herman Cahn, J.
This CPLR article 78 petition challenges the voting procedures of respondent, the Conciliation and Appeals Board. The challenge raises an issue of first impression.
In this proceeding, petitioner seeks to annul the opinion and order (order) of respondent New York City Conciliation and Appeals Board (CAB). The order was issued in response to petitioner’s challenge to the fairness of the initial rent charged in his lease. The order established the legal rent for apartment 718 at 333 East 43rd Street, New York, New York.
CAB’s order is challenged on two grounds; one relates to the voting procedures employed by CAB and the second to the merits of the determination and the data used in reaching it. Finding merit in the former contention, the court grants the petition without having reached the latter contention.
The Board consists of nine members. The order challenged herein was the result of a vote of three in favor of the determination and three dissenting therefrom, with one member absent and two abstaining. The three who voted for the order consisted of two representatives of the real estate industry and CAB’s *852 impartial chairman. The three who opposed the order were all tenant representatives. However, pursuant to CAB’s rules and practices only two of their votes were counted. Therefore, the order was issued by a vote of 3-2.
This procedure offends the law for a number of reasons. CAB is a public body, set up by statute, and is governed by General Construction Law § 41. Said section sets certain guidelines concerning the number of members of a public body whose presence and/or participation is required to make legally effective the action taken by that body. It states, in pertinent part “Whenever * * * three or more persons are charged with any public duty to be performed or exercised by them jointly or as a board or similar body, a majority of the whole number of such persons * * * shall constitute a quorum and not less than a majority of the whole number may perform and exercise such power, authority or duty” (emphasis added). The “whole number” is the total number of members with no vacancies or disqualifications. While the language used is not entirely clear as to whether a majority of the whole number must vote affirmatively or whether a majority of the whole number must merely participate in the voting regardless of their actual vote, the ambiguity has been eliminated by the courts. The statute requires that a majority of the Board’s total membership vote in favor of the action to be taken. (See, Matter of Town of Smith-town v Howell, 31 NY2d 365; Matter of Whitman Game Room v Zoning Bd. of Appeals, 54 AD2d 764; Matter of Squicciarini v Planning Bd., 48 AD2d 687, affd 38 NY2d 958; Rockland Woods v Incorporated Vil. of Suffern, 40 AD2d 385; Matter of Temporary State Charter Revision Commn. v Board of Elections, 83 Misc 2d 1029, affd 49 AD2d 845, affd 37 NY2d 859.)
In the instant case, the fact that only six members participated did not invalidate the procedure since only participation of five, a majority of the total, was required for a quorum. (Rockland Woods v Incorporated Vil. of Suffern, supra, at pp 386-387; see also, Matter of Whitman Game Room v Zoning Bd. of Appeals, supra; Matter of Temporary State Charter Revision Commn. v Board of Elections, supra, at p 1031.)
However, the Board’s determination was ineffective since less than a majority of all the members voted in support of it. In other words, support of a majority of the total membership (5 out of 9) not merely a majority of those who voted was required. The actual member of affirmative votes was three.
CAB apparently contends that the provisions of Laws of 1974 (ch 576, § 6 [b], modfg Rent Stabilization Law [Administrative *853 Code of City of New York] § YY51-6.0), which refers specifically to CAB, are inconsistent with and override the more general provision of General Construction Law § 41. It is true, as a rule that where two legislative enactments are inconsistent, the more recent and more specific of the two will control. The rule does not apply here, however, as the two statutes are not inconsistent. Similar language is used in each, reflecting an intent to have them convey the same meaning. Had the Legislature in its later 1974 enactment intended to vary the quorum and majority provisions from those in the General Construction Law, it would have done so in clear and unambiguous fashion.
General Construction Law § 41 states in relevant part, “not less than a majority of the whole number may perform and exercise such power, authority or duty” (emphasis added). The CAB statute states, “[t]he powers of the board shall be vested in and exercised by no less than five of the members * * * two of whom shall be representative of tenants, two of whom shall be representative of owners and one of whom shall be the impartial chairman” (emphasis added). Just as to “exercise” the power means to vote favorably for an order under the General Construction Law, it means to vote favorably for an order under the CAB statute, as well. The balancing provisions concerning the minimum number of tenant and real estate representatives, impose additional requirements. The basic requirement, that the Board’s power is not properly exercised without the coinciding vote of at least five members, remains.
Insofar as respondent claims to be governed by rules which it has promulgated, where those rules are inconsistent with enactments of the Legislature, the claim is without merit. Even if a rule promulgated by the Board did require only that five members vote, without regard to the total number of favorable votes, such a rule would be invalid as violative of General Construction Law § 41. The court notes, however, that the rule to which respondent makes reference (rule 1), requires that “at least five members of the Board * * * participate in the determination or decision”. The rule is certainly susceptible to an interpretation that is consistent with General Construction Law § 41, with the word “participate” signifying a favorable vote, and the court so interprets it.
Pursuant to either of the statutes or even the Board’s own rules, the three favorable votes in this case were insufficient. The Board’s opinion is therefore ineffective and equal to nonaction. (Matter of Squicciarini v Planning Bd., supra.)
*854 The petition is granted. The opinion is annulled and the matter remanded to the Board (or its successor) for reconsideration, in accordance with the procedural rules discussed herein.