Alan Charnes Director Department of Revenue 1375 Sherman Street Denver, CO 80203
Dear Mr. Charnes:
I write in response to your request for my opinion about Lottery Commission quorums constituted by means of telephone conference calls.
QUESTION PRESENTED AND CONCLUSION
Is it lawful to use telephone conference calls as a means to constitute a quorum at a Lottery Commission meeting when an emergency situation exists?
 Yes. Because of the Lottery Commission's unique enabling legislation exempting it from compliance with the Open Meetings Act in emergency situations, telephone conference calls may be used to obtain the attendance of commissioners in such situations.
ANALYSIS
The Lottery Commission is required to hold at least one meeting each month. Section 24-35-207(7), C.R.S. (1982). In accordance with this requirement, the regularly scheduled meeting for March 1985 was to be held on the 13th of the month. A few days prior to March 13th, the meeting was cancelled because a quorum of the commissioners was unavailable. The meeting was reset for March 27th, the first date on which a quorum was available for the meeting.
Shortly after March 13th, lottery staff discovered a sentence in game rule 13 which was unclear and could mislead some of the players. Because game 13 was scheduled to start on or about April 1, 1985, an emergency rule was necessary. On or about March 25, 1985, one of the commissioners determined that he would be unable to attend the meeting. His absence meant that the lottery would not have a quorum to vote on the emergency amendment.
On or about March 27, 1985, the commission secretary contacted counsel for the lottery to determine whether a telephone conference call could be used to obtain the attendance of the commissioners. Lottery counsel stated that a telephone conference call could be used under the circumstances to obtain the attendance of a quorum of the commissioners.
At the March 27 meeting, two commissioners were physically present, and they conducted all business that could be conducted without a quorum. When the business which required a quorum came up for discussion, the telephone conference call was placed. Four commissioners voted on the emergency rule amendment and on the approval of two lottery contracts. All notice requirements under the Open Records Act and the lottery statute were met.
The lottery statute addresses the issue of a quorum at lottery commission meetings. Section 24-35-207(8), C.R.S. (1982) provides:
 A majority of the commission shall constitute a quorum, and the concurrence of a majority of the commission shall be required for any final determination by the commission. . . .
Under section 24-35-207(8) the presence of a quorum of the commissioners is required.
Presence can be actual or constructive. "Presence" is defined in Black's Law Dictionary (1979 ed.) as follows:
 Act, fact or state of being in a certain place and not elsewhere, or within sight or call, at hand, or in some place that is being thought of. The existence of a person in a particular place at a given time particularly with reference to some act done there and then. Besides actual presence, the law recognizes constructive presence which latter may be predicated of a person who, though not on the very spot, was near enough to be accounted present by law or who was actively cooperating with another who was actually present.
(emphasis added).
Presence is not contained in the notion of "quorum" itself. A quorum is merely the number of members of an organized body required for it to act. The way in which those members must be present is a function of the nature of the body, the nature of the business, and any limitations on the way in which it can conduct business. When an emergency exists and the law concerning the constitution of a quorum is not precise, public policy considerations should be stressed. Cromarty v.Leonard, 216 N.Y.S.2d 619, aff'd 223 N.Y.S.2d 870
(1961); compare Rockland Woods v. IncorporatedVillage of Suffern, 340 N.Y.S.2d 513 (1973).
Several courts have recognized that sometimes meetings may be conducted and final votes taken without the physical presence of a quorum of the commissioners. Braniff Airways, Inc. v.CAB, 379 F.2d 453 (C.A.D.C. 1967). In Braniff, the airline challenged a vote taken by the CAB because the board members were not at a meeting when the vote was taken. Instead, the vote was taken by the notation methods under which each member would record his vote by making a notation on a form. The court noted that the CAB statute permitted the agency to conduct its business in a manner which is conducive to the dispatch of business. The court interpreted the statute to permit voting by notation. Braniff at 460. See also EasternAirlines, Inc. v. CAB, 271 F.2d 752, 758 (1959),cert. denied, Capital Airways, Inc. v.CAB, 362 U.S. 970, 80 S.Ct. 954, 14 L.Ed.2d 901 (1960).
The Colorado legislature recognized that the lottery commission governed a sensitive and unique division within state government. The lottery commission may perform any lawful acts necessary to effect the efficient and economical operation and administration of the lottery. Sections 24-35-204(3)(o), (p), C.R.S. (1982). To enhance efficiency the legislature excludes thelottery from provisions of the Open Meetings Act, section24-6-402, C.R.S. (1982), in emergency situations
(emphasis supplied). Section 24-35-207(7).
The legislature obviously intended to give the lottery commission broad discretion in the conduct of its business in emergency situations. In light of this broad discretion, and in order to implement legislative intent, I conclude that the lottery commission may obtain a quorum by use of a telephone conference call to conduct business in emergency circumstances.
Several strong caveats to this opinion must be noted. First, this opinion is rendered pursuant only to the lottery statute. It must not be applied to other statutes or to other state agencies.
Second, under the lottery statute quorums established by telephone conference must be restricted only to emergency situations when the issue must be decided prior to the time that the physical presence of a quorum can be obtained and the physical presence of three members of the commission cannot be obtained.
Third, the use of telephone conference calls as a subterfuge to avoid the Open Meetings Act must be condemned. In this case, all notice requirements were met. Members of the media were present at the meeting, and the meeting was properly recorded. However, it is easy to foresee that the use of electronic means of establishing a quorum can be abused. This office will not condone public meetings held under such circumstances.
SUMMARY
It is my opinion that a quorum of the Lottery Commission may be established by telephone conference call when an emergency situation exists. This practice should not be repeated by other agencies and commissions who are not otherwise exempt from the Open Meetings Law because it would be violative of the purpose and spirit of that statute.
Very truly yours,
 DUANE WOODARD Attorney General
OPEN MEETINGS GAMBLING STATE AGENCIES
Section 24-35-207(8), C.R.S. (1982)
REVENUE, DEPT. OF Lottery Div.
In the case of the Lottery Commission only, a quorum may be established by telephone conference call when an emergency situation exists.