■ In the Matter of Louis Hoffis, Respondent, v Zoning Board of Appeals of the City of Glens Falls et al., Appellants.—Levine, J. Appeal from a judgment of the Supreme Court (Dier, J.), entered August 23, 1989 in Warren County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Zoning Board of Appeals of the City of Glens Falls denying petitioner's request for an area variance.

In April 1989, petitioner, an owner of certain real property located in the City of Glens Falls, Warren County, filed an application with respondent Zoning Board of Appeals of the City of Glens Falls (hereinafter the Zoning Board) seeking an area variance from the side setback regulations contained in the city's zoning ordinance. Petitioner requested the variance because he planned to build a garage addition to his single-family home located on one of his two adjoining lots.

At a May 1989 meeting of the City Planning Board, petitioner appeared in support of his application and letters from Peter Accardi, petitioner's neighbor, and Accardi's son were read in opposition to the application. Accardi indicated in his letter that the proposed garage would be too close to his home, blocking his porch steps and causing snow to fall from the roof of the garage onto his passageway. After some discussion, the Planning Board passed a resolution recommending to the Zoning Board that petitioner's application be approved "with the stipulation that the rear line of the garage be moved two feet west from the back part of the residence".

Shortly thereafter, the Zoning Board met to consider and vote on petitioner's application. At that time, Accardi, who was a commissioner on the Zoning Board, spoke in opposition to the proposed garage. The matter then proceeded to a vote from which Accardi disqualified himself. Of the remaining Zoning Board members, two members abstained, one voted to approve petitioner's application and one voted against the application. The Zoning Board then declared petitioner's application denied.

Petitioner commenced this CPLR article 78 proceeding seeking to annul the Zoning Board's determination denying his application upon the ground that it was arbitrary and capricious. Supreme Court granted the petition and ordered that respondent City of Glens Falls Building Inspector issue petitioner a building permit for the construction of a garage on his property. This appeal by respondents ensued.

Supreme Court correctly annulled the denial of petitioner's application. Pursuant to General Construction Law § 41, a majority of the whole number of persons comprising a board is required to constitute a quorum and to exercise the board's power, authority or duty. A review of the proceeding in this case reveals that the requisite majority of the Zoning Board did not vote with respect to petitioner's application. With two members abstaining and only two members voting, the Zoning Board vote was an invalid action and was ineffectual to deny

petitioner's application *(see, Matter of Whitman Game Room v Zoning Bd. of Appeals,* 54 AD2d 764; *Matter of Squicciarini v Planning Bd.,* 48 AD2d 687, *affd* 38 NY2d 958). However, the appropriate remedy was not to direct the issuance of a building permit, but to remit the matter to the Zoning Board for a vote by a duly constituted impartial majority in accordance with General Construction Law § 41 *(see, Matter of Whitman Game Room v Zoning Bd. of Appeals, supra).*

Judgment modified, on the law, without costs, by reversing so much thereof as directed issuance of a building permit; matter remitted to respondent Zoning Board of Appeals of the City of Glens Falls for further proceedings not inconsistent with this court's decision; and, as so modified, affirmed. Mahoney, P. J., Weiss, Mikoll, Levine and Harvey, JJ., concur.