Requestor: Edwin J. Carpenter, Jr., Esq., City Attorney City of Corning 143 Pine Street Corning, New York
Written by: James D. Cole, Assistant Attorney General in Charge of opinions
You have asked whether in a vote by a local legislative body, abstentions by members of the body should be counted as negative votes.
You have informed us that under your city's charter, the common council is composed of the mayor and ten aldermen. Under the charter, however, the mayor has no vote except in case of a tie. You have indicated that the vote on a resolution before the common council to apply to the State for funding of a youth program was five votes in favor of the resolution, two against with three abstentions. You have indicated that the mayor ruled that the abstentions were equivalent to negative votes, creating a tie, which was broken by the mayor who voted in favor of the resolution. Your question is whether the abstentions should have been treated as negative votes, thus permitting the mayor to break the tie.
Whenever three or more public officers exercise any power, a majority of the whole number of such officers constitutes a quorum and not less than a majority of the whole number may perform and exercise the power (General Construction Law, § 41). Under this provision, "whole number" means the total number which the board or other group of officers would have if there were no vacancies and if none of the members were disqualified from acting (ibid.). This provision also has been construed as defining quorum and voting requirements for a local legislative body required to act by a two-thirds or three-fourths vote (Matter ofSmithtown v Howell, 31 N.Y.2d 375, 376-378 [1972]; Savatgy v City ofKingston, 20 N.Y.2d 258, 263 [1967]).
Thus, under this rule a majority vote of the entire membership of a legislative body is necessary in order to take action. Vacancies in office and abstentions are counted for purposes of determining whether action has been taken. For example, should a law authorize a legislative body consisting of five members, and there exists a vacancy on the body and a member abstains with respect to a particular matter, an affirmative vote of three of the members will still be necessary in order to take action. It seems clear in this State that an abstention is not to be considered as an affirmative vote in favor of a resolution (Matter ofSquicciarini v Planning Board of the Town of Chester, 48 A.D.2d 687 [2d Dept, 1975]; Rockland Woods v Village of Suffern, 40 A.D.2d 385 [2d Dept, 1973]). Under section 41 of the General Construction Law an abstention is counted for purposes of determining the "whole number" of the board.
In our view, section 41 of the General Construction Law is silent concerning the precise question you have raised. It does not deal with the question whether abstentions should be considered as negative votes under a charter provision authorizing the mayor to vote in the event that there is a tie vote of the common council. It is necessary that you review the provisions of your city charter and, if necessary, local legislative intent to determine whether under the charter abstentions arc to be treated as negative votes for the purpose of determining whether or not the mayor is entitled to vote (see Matter ofCromarty v Leonard, 13 A.D.2d 275 [2d Dept], affd 10 N.Y.2d 915 [1961]). The Attorney General construes provisions of State law governing the powers of local governments and their officers and employees. As a matter of policy, we do not construe local enactments which is more appropriately left to local officials familiar with local conditions and legislative intent.
We note that whether or not under your charter the mayor is considered to be a member of the legislative body, six affirmative votes will still be required in order to pass a resolution (General Construction Law, §41). Thus, only in the case of a five-to-five tie will the mayor's vote be effective to take action.
We conclude that a city charter granting to the mayor the authority to vote in the event of a tie vote of the common council may, consistent with State law, also provide that abstentions are to be treated as negative votes for the purpose of determining whether or not a tie vote exists. It is necessary that city officials review the charter and, if necessary, local legislative intent, to determine whether abstentions are to be treated in this fashion.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.