■ In the Matter of TALL TREES CONSTRUCTION CORP., Respondent, v ZONING BOARD OF APPEALS OF THE TOWN OF HUNTINGTON, Appellant. [717 NYS2d 369] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Huntington dated May 21, 1998, which, after a tie vote, took no action on the petitioner's applications for area variances, the appeal is from a judgment of the Supreme Court, Suffolk County (Cohalan, J.), entered August 4, 1999, which, upon deeming the action of the Zoning

Board of Appeals of the Town of Huntington to be a denial of the applications, granted the petition, annulled the determination, and directed that the applications for the variances be granted.

Ordered that the judgment is reversed, on the law, with costs, and the matter is remitted to the Zoning Board of Appeals of the Town of Huntington for further proceedings consistent herewith, including a new hearing on the petitioner's applications, to be held within 30 days after service upon the Zoning Board of Appeals of the Town of Huntington of a copy of this decision and order with notice of entry.

On November 7, 1996, the petitioner, Tall Trees Construction Corp., applied to the Zoning Board of Appeals of the Town of Huntington (hereinafter the Zoning Board) for area variances which would enable it to subdivide a parcel of property and construct two single-family houses. On May 22, 1997, the Zoning Board conducted a public hearing on the applications, which included testimony from a real estate expert retained by the petitioner. Although a member of the Zoning Board resided next door to the subject property, this member participated in the hearing, and examined the petitioner's president and witnesses in a manner which clearly reflected his opposition to the applications. Shortly after the hearing, in a decision dated June 12, 1997, the seven-member Zoning Board advised the petitioner that it was taking "no action" on its applications because two members voted to grant it, two members voted to deny it, and two members were absent. The Zoning Board member who resided next door to the property abstained from the vote. The petitioner then commenced a proceeding pursuant to CPLR article 78 to review the determination dated June 12, 1997. In an interlocutory judgment dated February 27, 1998, the Supreme Court, relying upon this Court's decision in *Matter of Walt Whitman Game Room v Zoning Bd. of Appeals* (54 AD2d 764), concluded that the Zoning Board's tie vote constituted a nonaction, and remitted the matter back to the Zoning Board for a new vote. The interlocutory judgment was subsequently affirmed by this Court (*see, Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals,* 262 AD2d 494).

While the first appeal was pending, on May 21, 1998, the Zoning Board took a new vote on the applications. Once again, two Zoning Board members voted in favor of the applications, two voted against, two were absent, and one abstained. The petitioner then commenced the instant proceeding pursuant to CPLR article 78 to review the Zoning Board's second tie vote on its applications. Under these circumstances, the Supreme

Court deemed the Zoning Board's second tie vote to be a denial of the petitioner's applications, and it annulled the determination and granted the applications for variances. We now reverse.

In *Matter of Walt Whitman Game Room v Zoning Bd. of Appeals* (*supra*), we held that the subject Zoning Board cannot perform or exercise a duty or power unless four of its members, constituting a majority of the whole Board, has voted to do so (*see also, Matter of Hoffis v Zoning Bd. of Appeals,* 166 AD2d 850). Thus, where, as here, a majority of the Zoning Board has not voted either for or against an application, its determination is equivalent to a nonaction. Therefore, as we concluded on the prior appeal in this matter, the Zoning Board's tie vote must be deemed a nonaction, which neither granted nor denied the petitioner's applications. Although we adhere to our precedent, we are mindful of the Supreme Court's concern that the Zoning Board has relied upon its tie vote to unduly delay taking any decisive action on the petitioner's applications. Accordingly, we direct the Zoning Board to conduct a new hearing on the petitioner's applications within 30 days after service upon it of a copy of this Court's decision and order. Furthermore, contrary to statements voiced during the first hearing, we note that the property owner is not required to personally appear at the hearing in order for the petitioner to establish its entitlement to the minor area variances which have been requested in this case. The Zoning Board should submit the matter to a vote at a time when the full Board is present. Finally, we note with disapproval the fact that a Zoning Board member with a personal interest in this matter fully participated in the first public hearing. Santucci, J. P., Sullivan, Altman and Krausman, JJ., concur.