Brad Williams Formal Opinion Executive Director No. 2008-F1 New York State Independent Living Council, Inc. 111 Washington Avenue Suite 101 Albany, New York 12210
Dear Mr. Williams:
You have requested an opinion regarding the quorum and voting number requirements applicable to the New York State Independent Living Council ("Council") . The Council is established pursuant to 29 U.S.C. § 796d, and is responsible for developing the State's plan for independent living. Id. § 7 96c. You have explained that the Council is composed of twenty-four voting members and several ex officio members who, by statute, may not vote, id. § 796d(b) (2) (B) . The voting members are appointed by the Board of Regents. The ex officio members are representatives of state agencies that provide services for individuals with disabilities. Id.; see also By-Laws of the New York State Independent Living Council 2.7 (2) .
In Op. Att'y Gen. No. 97-Fll, we concluded that the members of the Council were public officers, and that the Council was subject to the voting requirements of General Construction Law § 41. Applying section 41, we concluded that a majority of the total authorized membership of the Council constituted a quorum; the Council could not exercise its powers in the absence of a quorum; and a majority vote of the total authorized membership was necessary for the Council to take action. Op. Att'y Gen. No. 97-Fll.
You raise two further questions concerning the application and continued force of that opinion. First, you have asked whether the non-voting members are to be included in the total number of Council members when determining what constitutes a quorum. Second, you have asked whether our opinion that an action of the Council requires the affirmative vote of a majority of the whole is altered by the fact that Robert's Rules of Order permit action by a majority of those present, so long as a quorum is present. As *Page 2 
explained below, we conclude that non-voting members should not be counted in determining a quorum, and therefore thirteen voting members constitute a quorum. We further conclude that, notwithstanding Robert's Rules of Order, General Construction Law § 41 provides that an action of the Council must have the affirmative votes of a majority of the whole,i.e., at least thirteen voting members.
I. Quorum
Section 41 has not been amended in the time since we issued Op. Att'y Gen. No. 97-Fll. It provides that
 [w]henever three or more public officers are given any power or authority, or three or more persons are charged with any public duty to be performed or exercised by them jointly or as a board or similar body, a majority of the whole number of such persons or officers . . . shall constitute a quorum and not less than a majority of the whole number may perform and exercise such power, authority or duty. For the purpose of this provision the words `whole number' shall be construed to mean the total number which the board, commission, body or other group of persons or officers would have were there no vacancies and were none of the persons or officers disqualified from acting.
General Construction Law § 41.
Thus, pursuant to section 41, a quorum consists of "a majority of the whole number," meaning the total number the Council would have were there no vacancies and no members disqualified from acting. We are of the opinion that the non-voting ex officio members should not be included in the determination of the "whole number" for the purpose of determining the number of members needed for a quorum. The statute uses the same phrase, "majority of the whole number," to specify both the number of people necessary for a quorum and the number of affirmative votes necessary to take action. Since non-voting members cannot logically be included in the "majority of the whole number" whose votes are needed to take action, non-voting members also cannot be included in the "majority of the whole number" needed to constitute a quorum. It would be illogical to interpret the phrase "majority of the whole number" differently, within the same statutory provision, with respect to the number for a quorum and the number for a majority. Moreover, if non-voting members were counted in making a quorum but not in *Page 3 
making the number of affirmative votes necessary to take action, it would be possible to have a quorum that could not take action: a bare quorum containing several non-voting members would not contain enough voting members to take action as a majority of the whole. A statute should not be construed in a manner that produces such an absurd result.
This conclusion is consistent with our conclusion in Op. Att'y Gen. No. 84-F19. In that opinion, we considered what constituted a quorum of a committee composed of five voting members and six ex officio non-voting members, and concluded that a majority of only the voting members constituted a quorum.
Accordingly, because the Council has twenty-four voting members, we are of the opinion that thirteen voting members constitute a quorum of the Council.
II. Votes Required to Pass a Motion
Furthermore, we continue to believe, as stated in Op. Att'y Gen. No. 97-Fll, that the affirmative votes of a majority of the voting members are required in order to pass a motion of the Council; in 1997, when the Commission had twenty voting members, we opined that eleven affirmative votes were required, and now that the Commission has twenty-four voting members, the same analysis leads to the conclusion that thirteen affirmative votes are required. We come to this conclusion because section 41 provides that "not less than a majority of the whole number may perform and exercise [a] power, authority or duty" granted to a group of public officers.
We recognize that the By-Laws of the Council provide that the meetings of the Council are to be governed by Robert's Rules of Order, except as inconsistent with, in relevant part, the laws of New York. By-Laws § 3.3(b). We understand that under Robert's Rules, as at the common law, a majority of a quorum suffices to adopt a motion. Thus, if a quorum of thirteen voting members were present and each voted, under Robert's Rules a motion before the Council could pass with just seven votes.
This, however, was precisely the result that General Construction Law § 41 was intended to prevent. In Town of Smithtown v. Howell,31 N.Y.2d 365 (1972), the Court of Appeals explained that section 41 was designed to abrogate the common law rule that required the presence of the whole body to act. 31 N.Y.2d at 377. It did not, however, reduce the number of affirmative votes required for action. Id. at 377-78. In Rockland Woods,Inc. v. Inc. Vill. of Suffern, 40 A.D.2d 385, 387 (2d Dep't *Page 4 
1973), the court explained that the purpose of section 41 is, notwithstanding the reduced quorum requirement, "to ensure that before official action is taken by a public body, there must be clear and express approval by a majority of its members." In that case, in a five-member board, two members voted in favor of a measure, one member voted against it, one member abstained, and one position was vacant. The court held that the resolution did not pass; passage required not merely a majority of those voting (two of three) but rather a majority of the whole membership (three of five) . Accordingly, the laws of New York are inconsistent with Robert's Rules in this regard, and the laws of New York are controlling.
In summary, we conclude that thirteen voting members of the Council constitute a quorum, and at least thirteen voting members must approve a motion for it to pass.
Very truly yours,
ANDREW M. CUOMO Attorney General