Matter of Ebermann v Board of Educ. of the Mount Vernon City Sch. Dist. (2025 NY Slip Op 50984(U))

[*1]

Matter of Ebermann v Board of Educ. of the Mount Vernon City Sch. Dist.

2025 NY Slip Op 50984(U)

Decided on June 13, 2025

Supreme Court, Westchester County

Pulver, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 13, 2025
Supreme Court, Westchester County

In the Matter of the Application of Axel Ebermann, Petitioner, For a Judgment Pursuant to Article 78 of the Civil Practice Law and Rules

against
The Board of Education of the Mount Vernon City School District, THE MOUNT VERNON CITY SCHOOL DISTRICT, THE MOUNT VERNON PUBLIC LIBRARY and THE BOARD OF TRUSTEES OF THE MOUNT VERNON PUBLIC LIBRARY, Respondents.

Index No. 50296/2025

Petitioner - pro se. 
For Respondents The Board of Education of the Mount Vernon City School District and the Mount Vernon City School District - Ingerman Smith, LLP. 
For Respondents The Mount Vernon Public Library and the Board of Trustees of the Mount Vernon Public Library - Brill Legal Group, PC. 

Sheralyn Pulver, J.

Petitioner, Axel Ebermann, a City of Mount Vernon resident, moves for relief pursuant to Civil Practice Law and Rules ("CPLR") Article 78 seeking to annul and vacate an authorizing resolution for the acquisition of property, purportedly passed by the Board of Trustees of the Mount Vernon Public Library (the "Library Board"), and to prohibit the Library Board from taking any action on said resolution. The Library Board and the Mount Vernon Public Library (collectively, the "Library Respondents") have answered, asserting an affirmative defense of failure to state a claim upon which relief may be granted premised on the alleged mootness of this proceeding.[FN1]

For the reasons set forth below, the Court finds that the Library Board adopted the [*2]subject resolution in violation of lawful procedure and, therefore, the subject resolution must be annulled.
The Court read and considered the following papers electronically filed as NYSCEF Doc. Nos. 1-16 in making its decision:
• Petition, Proposed Order to Show Cause, Memorandum of Law, Exhibits A-E, Request for Judicial Intervention, and Affidavits of Service.
• Library Respondents' Letter Application for Adjournment with Exhibit 1.
• School District Respondents' Letter Application for Adjournment.
• Petitioner's Opposition to Adjournment.
• Library Respondents' Answer.
• Petitioner's Affirmation in Reply.
Facts
A meeting of the Library Board was convened on January 7, 2025. On the agenda for said meeting was a proposed resolution ("Resolution # 099-24") authorizing the Library's acquisition of an existing property in the City of Mount Vernon. The text of the resolution did not specifically identify the subject property or its purchase price.[FN2]
 Among other things, the resolution calls for the allocation of Library funds or the placement of a bond ballot measure in order to purchase the subject property (see NYSCEF Doc. No. 4 [Exhibit A to Petition] at pp. 5-7).
The Library Board consists of five individual members (see NYSCEF Doc. No. 1 [Petition], ¶ 7). At the January 7, 2025, meeting, two members attended in person, one member participated remotely, and the remaining two members were absent (see Exhibit A to Petition at pp. 1, 6-7). Resolution # 099-24 was approved and adopted upon the affirmative votes of the three participating members at the January 7, 2025, meeting, which included the member who participated remotely (see id. at pp. 6-7).[FN3]

Following the adoption of Resolution # 099-24, the Library Board sought to have the School District Respondents place the Library's bond referendum on the ballot for a budget vote that was scheduled for May 20, 2025 (see Petition, ¶ 11; NYSCEF Doc. No. 15 [Answer], ¶ 13). The School District Respondents initially declined to accept the bond referendum (see id.). A separate Article 78 proceeding concluded with an order on consent directing the School District Respondents to facilitate a vote on the Library's bond referendum to be held on June 17, 2025 (see The Bd. of Trustees of the Mount Vernon Public Library, et al. v The Bd. of Educ. of the Mount Vernon City School District, et al., Sup Ct, Westchester County, May 1, 2025, Loehr, J., [*3]index No. 61625/2025, Doc. No. 18). However, the Library Respondents assert that the parties subsequently determined that a vote on June 17, 2025, would be impractical and, in any event, the mandatory timeframe for publication of the proposed bond language had passed (see Answer, ¶¶ 15-17). As a result, according to the Library Respondents, "any further action by the Library will require additional action by the Library Board of Trustees, making Resolution 099-24—and therefore this action—moot" (id. at ¶ 18).
Discussion
A. Article 78 Petition
The petition can be fairly read as seeking relief under Article 78 in the nature of mandamus to review, as well as an order of prohibition. In a proceeding in the nature of mandamus to review, the Court must ascertain whether the challenged action was arbitrary and capricious, affected by an error of law, made in violation of lawful procedure, or an abuse of discretion (see CPLR § 7803[3]; Scherbyn v Wayne-Finger Lakes Bd. of Co-op. Educ. Servs., 77 NY2d 753, 757-58 [1991]; New York City Health and Hosp. Corp. v McBarnette, 84 NY2d 194, 204 [1994]).
The thrust of Petitioner's allegation is that the Library Board's adoption of Resolution # 099-24 was made in violation of lawful procedure as the vote of the trustees occurred at a meeting without a quorum physically present to conduct business utilizing remote videoconferencing.
Pursuant to Education Law § 260-a, every meeting of the board of trustees of a public library system must be open to the public and must be held in conformity with the provisions of Article 7 of the Public Officers Law ("POL"), also called the Open Meetings Law. The Open Meetings Law permits the use of remote videoconferencing for meetings provided, among other requirements, that a minimum number of members to meet the quorum requirement are present in the same physical location or locations where the public can attend (see POL § 103-a[2]).
A quorum to conduct business consists of a majority of the total membership of the Library Board (see General Construction Law § 41; Rockland Woods, Inc. v Inc. Vil. of Suffern, 40 AD2d 385, 386 [2d Dept. 1973]). Since the Library Board is comprised of five members, three members constitute a quorum (see Petition, ¶ 7; Answer, ¶ 5). Accordingly, at least three members of the Library Board must be physically present in order to conduct business utilizing remote videoconferencing (see POL § 103-a[2]). While a member could participate and vote remotely, that is permissible only if a quorum is physically present (see id.). In other words, the remotely participating member would not count towards this quorum requirement.[FN4]

Here, it is undisputed that only two members of the Library Board were physically present at the January 7, 2025, meeting and that Resolution # 099-24 was, therefore, adopted without a proper quorum (see Petition, ¶¶ 9, 16; Answer, ¶¶ 5, 10; Exhibit A to Petition at pp. 5-7). Accordingly, the Court finds that Resolution # 099-24 was adopted in violation of the lawful procedures set forth in the Open Meetings Law.
To the extent Petitioner seeks an order of prohibition, however, such remedy is not available in this case. "The extraordinary remedy of prohibition is available only where a judicial or quasi-judicial body acts or threatens to act without or in excess of its jurisdiction and then only when the clear legal right to relief appears and, in the court's discretion, the remedy is warranted" (Allen B. v Sproat, 23 NY3d 364, 375 [2014] [internal citation and quotation marks omitted]. See also Working Families Party v Fisher, 109 AD3d 478, 480 [2d Dept. 2013]). The remedy of prohibition "lies to prevent or control judicial or quasi-judicial action only, as distinguished from legislative, executive or ministerial action" (Dondi v Jones, 40 NY2d 8, 13 [1976]. See also McGinley v Hynes, 51 NY2d 116, 123 [1980]). As the Library Board's activities in adopting and implementing a funding resolution and other similar business are neither judicial nor quasi-judicial in nature, prohibition is not an appropriate remedy.
B. Library Respondents' Affirmative Defense
The Court disagrees with the Library Respondents' assertion that the issue of Resolution # 099-24 is moot. A case or controversy can eventually become moot by the passage of time or a change in circumstances (see Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]). "[T]he doctrine of mootness is invoked where a change in circumstances prevents a court from rendering a decision that would effectively determine an actual controversy" (Dreikausen v Zoning Bd. of Appeals of City of Long Beach, 98 NY2d 165, 172 [2002]). Without an actual, live controversy to be decided, a case would not be justiciable and, therefore, would exceed a court's subject matter jurisdiction (see Hearst Corp., 50 NY2d at 713-14; Morrison v Budget Rent A Car Sys., Inc., 230 AD2d 253, 259 [2d Dept. 1997]). A determination as to whether a matter is moot is generally fact-driven (see Dreikausen, 98 NY2d at 173).
Contrary to the Library Respondents' position, the controversy that is the subject of this proceeding remains a live one. The Library Respondents represent to the Court that the subject bond measure is not currently on an upcoming ballot (see Answer, ¶ 17). Importantly, though, the Court has not been presented with any evidence that Resolution # 099-24 has been withdrawn. Notwithstanding the Library Respondents' concession that "any further action by the Library will require additional action by the Library Board of Trustees" (Answer, ¶ 18), Resolution # 099-24 remains as an adopted resolution in the Library Respondents' record that could potentially be implemented at any time. As such, the Court is not persuaded by the Library Respondents' claim of mootness.
Based upon the foregoing, the Court grants the Petition to the extent that Resolution #099-24—as it currently exists—is annulled. That said, nothing in this Decision and Order should be read to prohibit Respondents from taking appropriate action on Resolution # 099-24 or [*4]a substantially similar resolution in the future should it be re-adopted in accordance with all lawful procedures.
The parties' remaining contentions, to the extent not rendered academic or explicitly addressed herein, have been considered and found to be unavailing.
Accordingly, for all the foregoing reasons, it is hereby
ORDERED that the Petition (motion sequence #2) is granted to the extent noted above, without costs or disbursements; and it is further
ORDERED that the Clerk of the Court shall enter judgment accordingly.
This constitutes the Decision, Order and Judgment of the Court.
Dated: June 13, 2025
White Plains, New York
HON. SHERALYN PULVER
Acting Supreme Court Justice

Footnotes

Footnote 1: The Mount Vernon City School District and the Board of Education of the Mount Vernon City School District (collectively, the "School District Respondents") have appeared in this proceeding (see NYSCEF Doc. No. 13) but have not filed a separate answer.

Footnote 2: Although not specifically identified in the text of the resolution, the subject property is located at 101 Summit Avenue in the City of Mount Vernon (see NYSCEF Doc. No. 1 [Petition], ¶ 8) and is known to be the former home of author E.B. White. 

Footnote 3: Resolution # 099-24 appeared again on the agenda for a Library Board meeting on January 15, 2025; however, the minutes of said meeting reflect that no further vote on Resolution # 099-24 was conducted on that date (see NYSCEF Doc. No. 4 [Exhibit B] at pp. 20-21). 

Footnote 4: This is also reflected in the Library's Hybrid Meeting Policy, established pursuant to POL § 103-a(2)(b) and posted publicly on its website, which provides:

A member who is participating from a remote location that is not open to in-person physical attendance by the public shall not count toward a quorum of the MOUNT VERNON PUBLIC LIBRARY's Board, but that Board member may participate and vote if there is a quorum of members at a physical location(s) open to the public.

(Mount Vernon Public Library Policies, 
https://mountvernonpubliclibrary.org/wp-content/uploads/MVPL-Policies-April-19-2023-rev.pdf at p. 47 [last accessed Jun. 11, 2025]).